# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY, EMPOWER CLINIC SERVICES NEW JERSEY, LLC d/b/a EMPOWER PHARMA,<br><br>Defendants. | Civil Action No. 2:25-cv-02183 (MEF) (MAH)<br><br><br>**ORDER** |

This matter having been brought before the Court by motion of Blank Rome LLP, counsel for Defendants Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy (incorrectly named as "Empower Clinic Services, LLC d/b/a Empower Pharmacy") and Empower Clinic Services New Jersey, LLC d/b/a Empower Pharma (incorrectly named as "Empower Clinic Services New Jersey LLC d/b/a Empower Pharma") (collectively, "Empower" or "Defendants"), for an Order permitting Rachael Pontikes and Susan Dewey of Blank Rome LLP; Karla L. Palmer of Hyman, Phelps & McNamara PC; and Keith J. Wesley of Ellis George LLP, to appear and participate *pro hac vice* in this matter on behalf of Defendants; for good cause shown pursuant to Local Civil Rule 101.1(c) of the United States District Court for the District of New Jersey and the Court having considered the parties' submissions, and good cause having been shown:

IT IS on this 10th day of June, 2025,

**ORDERED** that Rachael Pontikes and Susan Dewey of Blank Rome LLP; Karla L. Palmer of Hyman, Phelps & McNamara PC; and Keith J. Wesley of Ellis George LLP, are permitted to appear *pro hac vice* as additional counsel for Defendants in the above-captioned matter, pursuant to Local Civil Rule 101.1(c) of the United States District Court for the District of New Jersey; provided, however, that all pleadings, briefs and other papers filed with or submitted to the Court shall be signed by Stephen M. Orlofsky, or by such other member of the bar of this Court who has or may appear as counsel of record for Defendants, who shall be held responsible for said papers and for the conduct of the case and who shall be present before the Court during all steps of these proceedings, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorneys admitted *pro hac vice* pursuant to this Order; and it is

**FURTHER ORDERED** that each attorney admitted *pro hac vice* pursuant to this Order shall pay the annual fee of $250.00 to the New Jersey Lawyers Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 and the fee required by L.Civ.R. 101.1(c)(3) within twenty (20) days from the date of the entry of this Order; and it is

**FURTHER ORDERED** that each attorney admitted *pro hac vice* pursuant to this Order shall be within the disciplinary jurisdiction of this Court, and shall be

bound by the Local Civil and Admiralty Rules of the United States District Court for the District of New Jersey, including the provisions of Local Civil Rule 103.1, <u>Judicial Ethics and Professional Responsibility</u>, and Local Civil Rule 104.1, <u>Discipline of Attorneys</u>; and it is

**FURTHER ORDERED** that each attorney admitted *pro hac vice* pursuant to this Order shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is

**FURTHER ORDERED** that a copy of this Order shall be forwarded by the Clerk to the Treasurer of the New Jersey Lawyers Fund for Client Protection.

**SO ORDERED**

*s/Michael A. Hammer*
Michael A. Hammer, U.S.M.J.
Date: 6/10/25